IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BENNY E. JAY, | § | |
| | § | |
| Plaintiff/Counterdefendant, | § | |
| | § | |
| v. | § | 1:19-CV-503-RP |
| | § | |
| WELLS FARGO BANK, NATIONAL ASSOCIATION *as trustee for* OPTION ONE MORTGAGE LOAN TRUST 2006-2, ASSET-BACKED CERTIFICATES, SERIES 2006-2, | § | |
| | § | |
| Defendant/Counterplaintiff/ Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| NANCY N. JAY, | § | |
| | § | |
| Third-Party Defendant. | § | |

## ORDER

Before the Court is Wells Fargo Bank, National Association *as trustee for* Option One Mortgage Loan Trust 2006-2, Asset Backed Certificates, Series 2006-2's ("Wells Fargo") Motion for Default Judgment as to Third-Party Defendant Nancy N. Jay ("Nancy"), made in its capacity as a third-party plaintiff in this case. (Dkt. 16). Having considered Wells Fargo's motion, the record, and the relevant law, the Court finds that the motion should be granted in part and denied in part.

### I. BACKGROUND

Wells Fargo alleges the following facts in its third-party claim against Nancy in this foreclosure case. (Dkt. 4 at 10–13). On or about December 4, 2000, Benny E. Jay ("Benny") executed a $388,000.00 home equity adjustable rate note (the "Note") which named Wells Fargo as the payee. (*Id.* at 11). The same day, Benny and Nancy both signed a deed of trust (the "Deed of Trust") securing the repayment of the Note with their real property "commonly known as 4305

1

Hyridge Drive, Austin, TX 78759" (the "Property"), which was later assigned to Wells Fargo. (*Id.* at 10–11). Benny failed to make payments on the loan starting on October 1, 2011. (*Id.* at 11). The Deed of Trust provided that Wells Fargo could enforce the loan's conditions, including the requirement of regular payments, by selling the Property. (*Id.*). The loan servicer prior to Wells Fargo mailed a notice of default to Benny on or about October 15, 2014; subsequently, Wells Fargo sent a notice of acceleration of loan maturity to Benny and Nancy on May 20, 2015. (*Id.* at 12).

On May 7, 2019, Benny filed a petition in state court alleging that Wells Fargo violated certain provisions in 12 C.F.R 1024.35(b)(9)–(10), (e)(3)(i)(B), and 12 C.F.R. 1024.41(g). (Orig. Pet., Dkt. 1-1, at 5–15). Two days later, Wells Fargo filed a notice of removal. (Dkt. 1). The next day, on May 10, 2019, Wells Fargo filed the third-party claim at issue, seeking a judicial foreclosure on the Property. (Dkt. 4). Nancy was personally served with the third-party claim on May 18, 2019. (Dkt. 7 at 3). On August 9, 2019, Wells Fargo requested that the Clerk enter default, (Dkt. 15), which it did on August 12, 2019, (Dkt. 17). Also on August 9, 2019, Wells Fargo filed the motion for default judgment currently before the Court, in which it seeks court costs; attorney's fees;[1] declaratory judgment that the Deed of Trust secures the Note's outstanding balance, pre- and postjudgment interest at the Note's interest rate, and court costs; and a judgment allowing Wells Fargo to foreclose on Nancy's interest in the Property.[2] (Dkt. 16 at 4–5). Neither Nancy nor counsel representing her have appeared to date.[3]

---

[1] Wells Fargo requests that attorney's fees be awarded "not as a money judgment against Third-Party Defendant, but as a further obligation owed by Third-Party Defendant under the Note and Security Instrument." (Mot., Dkt. 16, at 4).
[2] These requests differ from the relief it initially requested in its third-party claim. *See* Part II.C, *infra*.
[3] Counsel for Benny Jay gave opposing counsel permission to sign the joint proposed scheduling order in this case, (Dkt. 11 at 4), but did not appear at the initial pretrial conference, (Dkt. 13).

## II. LEGAL STANDARD AND ANALYSIS

Under Federal Rule of Civil Procedure 55(a)–(b), federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

In considering Wells Fargo's motion, the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether Wells Fargo's complaint sets forth facts sufficient to establish that it is entitled to relief; and (3) what form of relief, if any, Wells Fargo should receive. *United States v. 1998 Freightliner VIN #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008).

### A. Procedural Requirements

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

On balance, the *Lindsey* factors weigh in favor of entering a default judgment against Nancy. Because she has not filed a responsive pleading, there are no material facts in dispute. *See Nishimatsu Const. Co., Ltd. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Her failure to appear and respond

3

has ground the adversary process to a halt, prejudicing Wells Fargo's interest in pursuing its claim for relief. *See Ins. Co. of the W. v. H & G Contractors, Inc.*, No. CIV.A. C-10-390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011) ("Defendant's failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests."). The grounds for default are established: Nancy was properly served, (*see* Dkt. 7 at 3), and has failed to appear and participate at all, much less timely file responsive pleadings. There is no indication that the default was caused by a good-faith mistake or excusable neglect. The amount of a default judgment in this case is somewhat "harsh": Wells Fargo would be able to foreclose on Nancy's interest in the Property, the value of which is not precisely ascertainable from the record, but is most likely quite significant to Nancy herself. Wells Fargo neither details its attorney's fees nor its court costs, making this determination more difficult. In any case, though, the Court is not aware of any facts that would obligate it to set aside the default if challenged by Nancy besides those asserted by Benny in his original petition.[4] (*See* Orig. Pet., Dkt. 1-1 at 5–15). The Court therefore finds that default judgment is procedurally warranted.

### B. Sufficiency of Wells Fargo's Third-Party Claim

Default judgment is proper only if the well-pleaded factual allegations in Wells Fargo's third-party claim establish a valid cause of action. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." *Id.* In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). A third-party claim, like a typical complaint, must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see generally* Fed. R. Civ. P. 14(a) (governing third-party claims); *Grant v. City of Houston*, 625 F. App'x

---

[4] The Court notes that because Nancy has not responded to the claims against her, and thus has not asserted potentially mitigating or even dispositive facts, those facts are at this point largely "unknown unknowns": the Court does not know what it does not know. *See Whitaker v. Livingston*, 732 F.3d 465, 469 (5th Cir. 2013).

4

670, 673 n.2 (5th Cir. 2015); *John Mohr & Sons v. GMR Assocs., Inc.*, 388 F.2d 907, 909 (7th Cir. 1968) (holding that Rule 14 "contemplate[s] and accommodate[s]" Rule 8). The factual allegations in the claim need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In its third-party claim, Wells Fargo asserts against Nancy a claim for foreclosure on the Property because Benny "did not comply with the Loan by failing to substantially perform material obligations required under its terms." (Dkt. 4 at 12). The Court proceeds by evaluating the sufficiency of this claim.

In its motion for default judgment, Wells Fargo omits any argument concerning the sufficiency of its third-party claim. Its entire argument for default judgment consists of three sentences:

> The Court should render a default judgment against Third-Party Defendant because she did not file responsive pleadings or otherwise defend the claims against her. Such default constitutes an admission by Third-Party Defendant of all allegations in Wells Fargo's Third Party [sic] Complaint. Thus, Wells Fargo is entitled to a default judgment on liability and damages.

(Mot., Dkt. 16, at 3). While this statement correctly states one part of the legal standard for granting default judgment, *see Nishimatsu Constr. Co.*, 515 F.2d at 1206, it does not aid the Court in determining the next (and arguably more significant) question: whether the factual allegations to which Nancy admitted (by failing to respond) genuinely support Wells Fargo's claim.

Wells Fargo's third-party claim begins by listing the parties, including Nancy, who it asserts "has previously appeared herein." (Dkt. 4 at 10). However, Nancy never appeared in this case, giving rise to Wells Fargo's motion for default judgment in the first place. (*See* Dkt. 1-1; Dkt. 11; Dkt. 13;

5

Mot., Dkt. 16). Next, it presents the facts previously summarized in Part I above. Essentially, Benny and Nancy signed the Deed of Trust at issue; the loan "provided that should *Benny Jay* fail to make payments on the Loan Agreement as they became due and payable, or should *Benny Jay* fail to comply with any or all of the covenants and conditions of the Loan, then the lender may enforce the Loan by selling the Property"; and "*Benny Jay* failed to make payments." (Dkt. 4 at 11 (emphasis added)). Benny was sent a "Notice of Default"; later, Benny and Nancy were sent a "Notice of Acceleration of Loan Maturity." (*Id.* at 12). Now,

> Wells Fargo asserts a cause of action for foreclosure against Benny Jay and Nancy Jay. The Loan is a contract, and Wells Fargo fully performed its obligations under it. *Benny Jay*, however, did not comply with the Loan by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the contract, among others).

(*Id.* (emphasis added)).

Even though Benny's failure to make payments, rather than any action or inaction by Nancy, was the condition that triggered Wells Fargo's right of sale as provided for in the Deed of Trust, that condition applies to both Benny and Nancy's interests in the Property. Though "Texas courts have explained on multiple occasions that a note and a deed of trust constitute separate rights and obligations, even if they are linked by the underlying debt," "[a] deed of trust 'gives the lender as well as the beneficiary the right to invoke the power of sale' even though only one party may hold the note." *Epstein v. U.S. Bank Nat. Ass'n*, 540 F. App'x 354, 356–57 (5th Cir. 2013) (quoting *Robeson v. Mortg. Elec. Registration Sys., Inc.*, No. 02–10–00227–CV, 2012 WL 42965, at *6 (Tex. App.—Fort Worth Jan. 5, 2012, pet. denied) (not designated for publication)). "Foreclosure enforces the deed of trust, not the underlying note." *Wells v. BAC Home Loans Servicing, L.P.*, No. W-10-CA-00350, 2011 WL 2163987, at *2 (W.D. Tex. Apr. 26, 2011) (citing *Slaughter v. Qualls*, 162 S.W.2d 671, 675 (Tex. 1942); *Aguero v. Ramirez*, 70 S.W.3d 372, 375 (Tex App.—Corpus Christi 2002, pet. denied)). And the

6

"terms of a deed of trust must be strictly followed." *Hemyari v. Stephens*, 355 S.W.3d 623, 628 (Tex. 2011).

Against this legal background, Wells Fargo's allegations in its third-party claim raise its right to relief above a speculative level, assuming (by dint of Nancy's default) that those allegations are all true. *See Wooten*, 788 F.3d at 498. Thus, its third-party claim is sufficient to establish a valid cause of action for purposes of evaluating default. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206.

### C. Relief

Federal Rule of Civil Procedure 54(c) states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In other words, the relief prayed for in a complaint defines the scope of relief available on default judgment. *1998 Freightliner VIN #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. "Rule 54(c), and for that matter fundamental fairness, dictate that a judgment by default operates as a deemed admission only as to the relief requested in the complaint." *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992). *See also Ditech Fin., L.L.C. v. Naumann*, 742 F. App'x 810, 813 (5th Cir. 2018) ("[T]he appropriate standard for determining whether a default judgment differs in kind from or exceeds in amount the relevant pleadings . . . flows from the reason for the rule itself—to ensure a party pondering default has meaningful notice, based on the complaint alone, of her exposure in the event of default."). Generally, a defendant's default concedes the truth of the allegations of the complaint concerning the defendant's liability, but not damages. *United States v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

In its third-party claim, Wells Fargo sought a "a judgment for judicial foreclosure allowing it to enforce its lien against the Property in accordance with the Deed of Trust and Texas Property Code section 51.002." (Dkt. 4 at 12). In the alternative, it sought a judgment for foreclosure and an order of the sale directing law enforcement to seize and sell the Property, as well as a writ of

7

possession. (*Id.*). It sought this relief from both Benny and Nancy. (*Id.*). From Benny alone, it sought reasonable attorney's fees, pre- and postjudgment interest, and court costs. (*Id.*). In its motion for default judgment, Wells Fargo seeks additional relief measures, including from Nancy, (*see* Dkt. 16 at 4–5), but because it did not request those measures in its third-party claim, they are outside the scope of relief available on default judgment. Similarly, any relief sought by Wells Fargo against Benny is not available to it at this procedural posture. Therefore, Wells Fargo's requests in its motion for default judgment that it did not plead in its third-party claim—attorney's fees and court costs from Nancy, as well as declaratory judgment concerning the Deed of Trust's scope—are denied. *See* Fed. R. Civ. P. 54(c).

So, only the issue of the foreclosure judgment remains. Because Wells Fargo has prevailed, via default, on the issue of whether the Deed of Trust can be enforced by foreclosure sale, it is entitled to that relief, *see* Tex. Prop. Code § 51.002—but only as to Nancy. "As a general rule . . . when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2690 (4th ed. 2019 update) (citing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872)). Typically, this rule is extended outside the joint and several liability context to "situations in which joint liability is not at issue but several defendants have closely related defenses" and in which "it is necessary that the relief against the defendants be consistent." *Id.* In those situations, "entry of judgment also should await an adjudication of the liability of the nondefaulting defendants." *Id.*

This is one of those situations. Allowing Wells Fargo to immediately foreclose on the Property, when its claims against Benny have not yet been adjudicated—merely by virtue of Nancy's default—would grant it an undue windfall. *See Frow*, 82 U.S. (15 Wall.) at 554 ("[A] final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be

incongruous and illegal."). This aspect of default judgment when multiple parties are involved is well-settled. As the Supreme Court put it in 1815:

> In the same cause, a fact, not controverted by one party, who does not appear, and therefore as to him taken for confessed, ought not, on that implied admission, to be brought to hear upon another who does appear, does controvert, and does disprove it. . . . A judgment against one Defendant for the want of a plea, or a decree against one Defendant for want of an answer, does not prevent any other Defendant from contesting, so far as respects himself, the very fact which is admitted by the absent party.

*The Mary*, 13 U.S. (9 Cranch) 126, 143 (1815); *see also Allen v. Destiny's Child,* No. 06 C 6606, 2009 WL 2178676, at *3 (N.D. Ill. July 21, 2009) (quoting *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)) ("Generally, 'upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.' However, this is so only insofar as such 'admissions' pertain to the defaulting defendant."). Therefore, the Court will not enter final judgment as to Nancy until all claims made by and/or involving Benny have been adjudicated.

### III.  CONCLUSION

For the reasons given above, **IT IS ORDERED** that Wells Fargo's Motion for Default Judgment as to Third-Party Defendant Nancy N. Jay, (Dkt. 16), is **GRANTED IN PART AND DENIED IN PART**. The Court will enter final judgment as to Wells Fargo's third-party claim against Nancy, (Dkt. 4 at 10–13), in a separate order after all claims made by and/or involving Benny have been adjudicated.

**SIGNED** on November 25, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE